## FRENCH v. ZBORNITZY

---

(May 27, 1929. Opinion and Decree.)
(June 24, 1929. Rehearing Refused.)

---

James Barkley Rosser, Jr., of New Orleans, attorney for plaintiff, appellant.

Wm. Winans Wall, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff, Mrs. Grace French, wife of Randall Moore, had for many years owned and resided on a tract of land described as follows:

"A certain tract of land, situated in the Third District of this City, on the South Side of Gentilly Road, measuring one arpent front on Bayou Sauvage by a depth of fourteen arpents or about eleven and one half arpents between parallel lines, designated by the letter 'A' on a certificate of survey made by P. A. D'Hemecourtt, deputy city surveyor, on July 28, 1888, and attached to the purchaser's act of purchase aforesaid; said lot 'A' being composed of one third of the original lot 174 and two thirds of the original Lot No. 172, both figured on a plan made by J. A. D'Hemecourtt, Surveyor, and attached to an act before Abel Dreyfous, Notary, dated January 2nd, 1866."

Upon her failure to pay the city taxes due on the property for the year 1918, by tax deed dated April 6, 1921, it was transferred to Mrs. Cecile Z. Zbornitzy, wife of Abraham Levinberg.

Thereafter plaintiff brought suit (No. 163670 of the Docket of the Civil District Court) seeking to have the tax sale declared null and void because of improper description in assessment and improper notice.

Defendant reconvened, praying that judgment be rendered declaring the tax deed to be valid and recognizing defendant as the owner of the property.

When that suit was called for trial, plaintiff therein did not appear either in person or by counsel; whereupon, defend-

ant, plaintiff in reconvention, obtained judgment recognizing the validity of the tax sale and deed and declaring her to be the owner of the property. No appeal has ever been taken from that judgment.

After the above-mentioned judgment was rendered, plaintiff communicated with defendant in an effort to buy back the property, and an agreement was entered into whereby it was stipulated that defendant would sell the property to plaintiff for $1,000, $200 of which was to be paid in cash, the balance to be represented by a mortgage note. The cash payment was made, but the deed was not executed, because, instead of taking title in accordance with the agreement, plaintiff filed this suit, which has as its object the annulment of the tax title of defendant.

An analysis of the rather lengthy petition shows that plaintiff seeks, primarily, the annulment of the judgment rendered in the first suit (163670) and that as a result she be declared the owner of the property. In the alternative she asks that specific enforcement of the contract of sale be ordered and that defendant be required to transfer the property over to her upon her paying the balance of the purchase price.

Defendant contends that so far as the primary demand for annulment of the first judgment is concerned, that question is res adjudicata and cannot be reopened.

We have read the petition carefully and find no allegations therein and no proof in the record which would justify us in annulling the first judgment. The principal ground of complaint seems to be that plaintiff was not present at the first trial.

As to the alternative prayer for specific performance, defendant contends that plaintiff has lost her rights under the agreement, because, when put in default, she failed to perform her part of the contract. Defendant also contends that by filing suit to annul the title to the property, plaintiff has judicially averred that defendant has no interest in the property, and therefore cannot in the same breath say that such interest as defendant has should be transferred to plaintiff.

The evidence as to the default shows conclusively that defendant complied strictly with the provisions of articles 410 and 411 of the Code of Practice.

A notary public was employed, who testified that he gave notice to plaintiff of the time and place at which the act of sale and mortgage would be passed. He further testified that at that time and place he himself, as well as the defendant and witnesses, and the act and the note were all in readiness, but that plaintiff did not appear. We cannot see what more defendant could have done.

It is quite true that the Supreme Court of Louisiana said, in Watson vs. Feibel, 139 La. 375, 71 So. 585:

"Under Civil Code, art. 1911, stating how the debtor may be put in default, the act of putting in default is a simple demand for performance, but does not cut off the right to perform."

This language merely means that if the debtor desires to perform, he may appear at the time and place appointed and offer to perform, but it does not mean that he may remain absent, and by so doing retain unto himself the right, at some future time convenient to him, to carry out his agreement. He has been given his time and opportunity and has not availed himself of it. In such a situation the other party may sue for the specific performance of the contract, or he may, at his

option, treat it as abandoned. Defendant here has chosen the latter course.

This view of the matter makes it unnecessary that we consider the question of whether or not plaintiff's alternative contention is inconsistent with his primary demand.

Of course, since defendant chose to consider the contract of sale as abandoned, she must return the amount paid thereunder, and this she has done by depositing it in court. Had this amount been tendered prior to the suit and deposited in the registry of the court before the suit, the costs of the trial court would have been cast against plaintiff; but, since defendant did not choose to do this and did not make the deposit until after the judgment was rendered, the costs of the trial court should be paid by her, as the judgment in favor of plaintiff for $200 was manifestly correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, costs of this court to be paid by appellant.